| Case No. | **CV 16-3144-DMG (SSx)** | Date | July 31, 2018 |
|---|---|---|---|
| Title | *Comprehensive Outpatient Surgery Center, LP v. Stericycle, Inc., et al.* | Page | 1 of 1 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT**

On July 16, 2018, the Court ordered Defendant Stericycle, Inc. to show cause why the Court should not remand this action to Los Angeles County Superior Court for lack of subject matter jurisdiction ("OSC"). [Doc. # 21.] Specifically, Defendant failed to establish that jurisdiction was proper under 28 U.S.C. section 1332(a) because it had not shown that Plaintiff and Defendant are citizens of different states. *Id.* at 1–2.[1] On July 20, 2018, Defendant filed a response to the OSC. [Doc. ## 22, 23.] Plaintiff did not file an optional reply.

Plaintiff alleges that it is a "California limited partnership with a principal place of business in the County of Los Angeles." *See* Removal Notice at 7 (Compl.) [Doc. # 5]. To determine the citizenship of a limited partnership, a court must ascertain the citizenship of each of the entity's general and limited partners. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 192–96 (1990). Although Defendant alleges that Plaintiff's sole general partner is a corporation that is a California citizen, Defendant does not specify the citizenship of Plaintiff's limited partner(s). *See* Def.'s Resp. to OSC at 2–3 [Doc. # 22]; *see also* Cal. Corp. Code § 15901.02(q) (providing that a limited partnership has "one or more general partners and one or more limited partners"). Likewise, the limited partnership certificates that Defendant submitted do not identify Plaintiff's limited partner(s) or their state of citizenship. *See* Etcheverry Decl., Exs. A–C [Doc. ## 23-1, 23-2, 23-3]. As Defendant fails to carry its burden to demonstrate that jurisdiction is proper, the Court **REMANDS** this action to Los Angeles County Superior Court. *See Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff.").

**IT IS SO ORDERED.**

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.